UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DIXIE ELECTRIC<br>MEMBERSHIP CORPORATION | CIVIL ACTION |
| VERSUS | NO. 13-435-SDD-RLB |
| COX COMMUNICATIONS<br>LOUISIANA, LLC | |

## RULING ON MOTION TO INTERVENE

This matter is before the court on the Motion to Intervene filed by the Louisiana Public Service Commission ("LPSC" or "Commission") on March 3, 2014. (R. Doc. 26). The plaintiff, Dixie Electric Membership Corporation ("DEMCO") opposes the motion. (R. Doc. 30). The defendant, Cox Communications Louisiana, LLC ("Cox") does not oppose the motion. (R. Doc. 26 at 3). For the following reasons, LPSC's Motion to Intervene is **DENIED**.

### I. Procedural History

The instant contract dispute is between two private entities subject to regulations promulgated by the LPSC: the plaintiff DEMCO, a non-profit Louisiana electric cooperative, and the defendant Cox, a cable television provider. On or about September 1, 1996, DEMCO and Cox entered into a contract titled "General Agreement Joint Use of Wood Poles" (the "Contract") providing that Cox could attach its lines and cables to DEMCO's wood utility poles to serve its customers. (Petition, ¶ 5). This action concerns, among other things, DEMCO's allegations that Cox has breached several of its duties under the Contract, including attaching unauthorized cables to its poles, failing to provide proper bond, failing to pay for its

proportionate share of the costs of its rights-of-way maintenance, and failing to comply with certain safety specifications, rules, and regulations.

On April 11, 2012, over a year before DEMCO initiated this action in state court, Cox filed a Complaint before the LPSC regarding many of the same issues involved in this action. (R. Doc. 6-1).[1] Cox alleged that the LPSC has subject-matter jurisdiction over its Complaint based upon the LPSC's "authority to regulate the rates, terms, and conditions of pole attachments and attachment agreements." (R. Doc. 6-1 at 5).

On April 12, 2013, DEMCO filed an Exception for Lack of Subject Matter in the LPSC action arguing that Cox's Complaint required interpretation of a pre-existing contract, over which the courts have exclusive jurisdiction. (R. Doc. 16-2).[2] Cox and the LPSC Staff opposed the exception. (R. Docs. 6-2, 6-3).[3] On August 2, 2013, approximately two months after DEMCO filed the instant action in state court, the LPSC issued a ruling denying DEMCO's exception. (R. Doc. 8-1).[4] The LPSC concluded "that the determinations sought by Cox in its Complaint clearly invoke review of the LPSC and utilization of the Commission's ratemaking expertise and function." (R. Doc. 8-1 at 6).

On June 6, 2013, DEMCO filed a Petition for Damages in the 21st Judicial District Court, Parish of Livingston, Louisiana against Cox Communications Louisiana, LLC ("Cox" or "Defendant"). (R. Doc. 1-1 at 1-9) ("Petition").

---

[1] LPSC Docket No. U-32285, *Cox Commc'ns, LLC v. Dixie Elec. Membership Corp.*, *In re: Complaint for Violations of LPSC General Orders and Law*, Pole Attachment Complaint with Requests for Declaratory Relief and Injunctive Relief (April 11, 2012).
[2] LPSC Docket No. U-32285, DEMCO's Exception for Lack of Subject Matter Jurisdiction (Apr. 12, 2013).
[3] LPSC Docket No. U-32285, Cox's Response in Opposition to DEMCO's Exception for Lack of Subject Matter Jurisdiction (May 10, 2013) and LPSC Staff's Response in Opposition to DEMCO's Exception for Lack of Subject Matter Jurisdiction (May 24, 2013).
[4] LPSC Docket No. U-32285, Ruling on Exception for Lack of Subject Matter Jurisdiction (Aug. 2, 2013).

On July 3, 2013, Cox removed the state court action on the basis that the court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (R. Doc. 1). Cox then filed a Motion to Dismiss or, In the Alternative, Motion for Stay. (R. Doc. 5). Despite removing the action, Cox argued that the court lacks subject matter jurisdiction because the LPSC, a Louisiana agency, has exclusive jurisdiction over this action. In the alternative, Cox argued that the court should dismiss or stay this action under the doctrine of primary jurisdiction until the LPSC has resolved regulatory issues that Cox raised before the LPSC prior to this lawsuit. In the further alternative, Cox sought dismissal of the action for failure to state a claim.

On March 31, 2014, over the objections of Cox, the district judge approved and adopted the magistrate judge's Report and Recommendation that Cox's motion be denied. *Dixie Elec. Membership Corp. v. Cox Commc'ns Louisiana, LLC*, No. 13-435, 2014 WL 1330519 (M.D. La. Mar. 31, 2014).[5] The court's ruling concluded (1) that it has exclusive jurisdiction over the instant breach of contract dispute, (2) that it would not exercise its discretion under the primary jurisdiction doctrine to stay or dismiss the suit, and (3) DEMCO has stated causes of action upon which relief may be granted. *See id*.

LPSC filed its Motion to Intervene in this action on March 3, 2014, subsequent to the issuance of the undersigned's Report and Recommendation, but prior to the issuance of the district judge's Ruling. (R. Doc. 26).

## II.     Arguments of the Parties

The LPSC claims that it has exclusive and primary jurisdiction over this matter. The LPSC states that it "seeks to intervene in this case to protect its active and historical interest in the regulation of pole attachment agreement rates, terms and conditions, including safety issues related to pole attachments, and to insure consistency and uniformity in the interpretation and

---

[5] On April 28, 2014, Cox filed a Motion for Reconsideration of the district judge's Ruling. (R. Doc. 35).

enforcement of its orders." (R. Doc. 26 at 2). The LPSC claims that it may intervene as a matter of right because "its motion is timely, it has Constitutional and statutory obligations to regulate the rates, terms and conditions of pole attachment agreements, to enforce and interpret its orders, and to protect the public interest, its ability to carry out its regulatory will be impaired if it is not permitted to intervene, and its interests will not be adequately represented by the existing parties." (R. Doc. 26-1 at 8). In the alternative, the LPSC argues that it should be allowed to permissively intervene because of its regulatory role with regard to "pole attachment rates, terms, and conditions, pole attachment agreements, and safety issues," which all concern the protection of the public interest. (R. Doc. 26-1 at 15).

In opposition, DEMCO argues that the LPSC has not met the requirements for intervention as a matter of right. DEMCO argues that the motion is untimely because the LPSC was put on notice of this lawsuit when it was filed in state court on June 6, 2013, nearly a year before it filed its motion. DEMCO argues that LPSC has no interest in this litigation because its jurisdiction over the regulation of rates does not amount to a legally protectable interest in this breach of contract action, DEMCO's breach of contract claims do not impinge on the LPSC jurisdiction or adversely affect its pending rulemaking docket, and the LPSC has no public policy interest to protect in this breach of contract dispute. DEMCO further argues that LPSC will be able to protect its regulatory interests without intervention and its interests are adequately represented by the parties to the lawsuit. Finally, DEMCO argues that the court should also not allow LPSC to permissively intervene for the same reasons it opposes intervention as a matter of right.

### III. Law & Analysis

#### A. Intervention of Right

The LPSC contends that it is entitled to intervene in this action as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. Rule 24(a) provides for intervention of right, on timely motion, where the movant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).[6] Accordingly, the four elements for intervention of right include (1) timeliness, (2) an interest in the subject matter of the litigation. (3) impairment of the applicant's interest if it is not allowed to intervene, and (4) inadequate representation of that interest by the existing parties. *House v. S/V Canada Goose I*, 641 F.2d 317, 320 (5th Cir. 1981).

##### 1. Timeliness

This lawsuit was originally filed on June 6, 2013. The LPSC did not file a motion to intervene in state court prior to removal. Cox removed the action on July 3, 2013. The LPSC did not file its motion to intervene until March 3, 2014, after the undersigned recommended to the district judge that Cox's motion, which sought a dismissal or stay of these proceedings, be denied.

Despite the LPSC's delay in filing a motion to intervene, considering the procedural history of this action, which includes a removal from the state court and a referral to the undersigned by the district judge for a recommendation on jurisdictional issues, the court finds that the LPSC's motion is timely. On February 14, 2013, the undersigned issued a Report on

---

[6] Intervention of right is also appropriate where the intervenor "is given an unconditional right to intervene by federal statute." Fed. R. Civ. P. 24(a)(1). LPSC does not allege that it has been granted such a right.

5

Recommendation recommending to the district judge that she conclude that the LPSC did not have jurisdiction over this matter and to refuse to dismiss or stay the action under the primary jurisdiction doctrine. The LPSC filed its motion to intervene within the period for filing objections to the undersigned's Report and Recommendation. In light of the LPSC's arguments in support of intervention, this filing was timely for the purposes of Rule 24.

### 2. The LPSC's Interest in the Litigation

The "interest" requirement of Rule 24(a) requires a direct, substantial, legally protectable interest in the action, meaning 'that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant. *Cajun Elec. Power Co-op., Inc. v. Gulf States Utilities, Inc.*, 940 F.2d 117, 119 (5th Cir. 1991) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co. (NOPSI III),* 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).

The LPSC claims that it has a legal interest in this litigation in part because of the jurisdictional issues raised by Cox in its own motion. As the court has already concluded that it has jurisdiction over this action, and not the LPSC, the LPSC has no interest based on its alleged jurisdiction over this action. The LPSC also claims, however, that it has a legal interest in this matter in light of its regulatory role with regard to pole attachment agreements and the protection of the public safety and interest. Based on Fifth Circuit jurisprudence, this court must conclude that the LPSC has a legal interest in this litigation in light of its regulatory role.

In *Cajun Electric*, the Fifth Circuit had to decide, as in this case, whether the LPSC may intervene as of right in a contract dispute two public utilities. *Cajun Elec. Power Co-op., Inc.*, 940 F.2d at 120. In its decision affirming the district court's denial of the LPSC's intervention, the Fifth Circuit "reluctantly" concluded that the LPSC had a cognizable interest in the litigation before it, because it was bound by an earlier panel decision on the same point of law. *Id.* (citing

*Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1476 (5th Cir. 1987). In light of this precedent, this court must also conclude that the LPSC has a cognizable interest in the instant litigation involving a contract dispute between two public entities.[7]

### 3. Whether the Outcome of the Case Would Impede the LPSC's Interest

Although the LPSC has a legally cognizable "interest" in this action, the outcome of this case would not impede upon the LPSC's interest. First, the LPSC again implies that it has exclusive or even concurrent jurisdiction over this breach of contract action. As discussed at length in this Court's ruling dismissing Cox's motion arguing the same position, the LPSC does not have exclusive jurisdiction over breach of contract claims in which the party seeks monetary damages. This court has also refused to stay or dismiss the proceeding under the doctrine of primary jurisdiction, because it "is more than capable of handling the breach of contract issues presented in this action [and] is not satisfied that adjudication of these issues requires deference to the LPSC's special knowledge or expertise." *Dixie Elec. Membership Corp.*, 2014 WL 1330519, at *8.

The LPSC also argues that the court's ruling would impede upon its interest in regulating pole attachment agreements. The court finds this argument unpersuasive. First, the court is fully capable of interpreting any regulation issued by the LPSC that may or may not have a bearing on the parties' breach of contract dispute. Second, even if the LPSC adopts and issues new rules and regulations concerning pole attachment agreements in the future, those rules and regulations

---

[7] The LPSC cites a Louisiana Supreme Court decision in support of a finding of that it meets the standards for intervention of right. *See Opelousas Trust Authority v. Cleco Corp.*, 105 So. 3d 26, 36 (La. 2012) (class action suit brought by rate-payers characterized as a breach of contract claim claiming they were overcharged due to manipulated fuel adjustment charges was really a "rate" case under the LPSC's exclusive jurisdiction because it challenged the LPSC-approved rate."). The *Cleco* decision is distinguishable because the court concluded that it did not involve a breach of contract action and the LPSC had jurisdiction over the claims because they concerned rates. Here, the court has already determined this is not a "rate" case and is instead a breach of contract action for damages, for which the courts have exclusive jurisdiction.

would either not retroactively apply to the contracts at issue or, if they did, the parties would bring that legal issue to the court. Putting aside the issue of jurisdiction over this matter, which the court has already decided, it is unclear how the resolution of this matter—a contract dispute between two business entities—would have any impediment on the LPSC's interests to issue regulations and adjudicate disputes over which it does have jurisdiction.

### 4. Whether the Parties Will Represent the LPSC's Interest

As suggested above, that the LPSC has a cognizable interest in this litigation "does not inevitably result in a right of intervention." *Cajun Elec. Power Co-op., Inc.*, 940 F.2d at 120. As required by Rule 24(a), the LPSC must also show that its interest will not be adequately addressed by the parties. *Id*. "Although this burden is minimal, 'it cannot be treated as so minimal as to write the requirement completely out of the rule.'" *Id*. (quoting *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984)).

Here, the parties will adequately address the interests of the LPSC. Cox has already filed voluminous briefing in support of its motion to dismiss and/or stay the proceedings, its objections to the undersigned's Report and Recommendation, and its motion for reconsideration, that mirror many of the LPSC's own arguments regarding why it should be allowed to intervene in this matter. Furthermore, having concluded that this action is a breach of contract action outside of the jurisdiction of the LPSC, the court's own role as adjudicator supplants any alleged role the LPSC has in deciding this breach of contract action. The same decision was reached by the Fifth Circuit in *Cajun Electric* where the LPSC argued that its interests would not be protected without its presence in the litigation:

> We find the LPSC's speculations implausible. First, we see no reason that the parties, who have much more at stake in this litigation than a mere regulatory interest, would not present every conceivable argument favoring their respective positions. Second, and more importantly, the district court is bound to interpret the terms of the contract between [the two

regulated entities]. The LPSC brings no unique arguments to the litigation, and we are confident that the principles of contract interpretation would yield the same result in this case, regardless of the LPSC's intervention. The district court therefore did not err in denying LPSC's motion to intervene under Rule 24(a).

*Id*. at 120-21. The court concludes that, in this action, as in *Cajun Electric*, the "mere regulatory interest" of the LPSC in an action over which it does not have jurisdiction to adjudicate will be adequately represented by the parties and the court.

### B. Permissive Intervention

The LPSC also argues that it is entitled to permissive intervention under Rule 24(b), which permits intervention, on timely motion by anyone who, in appropriate part, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c).

In *Cajun Electric*, the Fifth Circuit affirmed this court's denial of LPSC's request for permissive intervention in a contract dispute between two regulated entities. In reaching that decision, the Fifth Circuit concluded that there is no requirement "that a regulator *must* be allowed to intervene as a matter of law in every contract action filed or defended by a regulated utility." *Id*. at 121.

Under its discretion, this court will similarly deny LPSC's request for permissive intervention in this matter. First, although the LPSC has a cognizable "interest" in this litigation, it does not have "any claim or defense that shares with the main action a common question of fact or law." The LPSC is a regulatory body that this court has concluded does not have jurisdiction over this matter. The LPSC has no claims or defenses. Furthermore, allowing the LPSC to intervene would likely "unduly delay or prejudice the adjudication of the original parties' rights." As an intervenor with no claim or defense, the PRSC's role in this litigation

would simply be to interject briefing in a manner that would be disruptive to the adjudication of this dispute and the authority of this court as the adjudicator of legal matters in this action.

**IV.     Conclusion**

For the foregoing reasons, the court concludes that the LPSC may not intervene in this matter under Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the LPSC's Motion to Intervene (R. Doc. 26) is **DENIED.**

Signed in Baton Rouge, Louisiana, on August 6, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**